# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

### CASE NO.: 9:20-cv-80787

TERRI CARFAGNO, individually and on
Behalf of all others similarly situated.

              Plaintiff,

vs.

DOUBLE G CONSTRUTION CORP.,

            Defendants.

_____/

## DEFENDANT DOUBLE G CONSTRUCTION, INC.'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. § 1441(a), Defendant, Double

G Construction, Inc. ("***Double G***") hereby removes this action from Circuit Court of the

Fifteenth Judicial Circuit in and for Palm Beach County Florida to the United States District

Court for the Southern District of Florida.  In support of this Notice of Removal, Double G avers

as follows:

1.  On or about May 6, 2020, Plaintiff filed a lawsuit alleging that Double G violated the

Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("***TCPA***").

2.  Because the United States District Court for the Southern District of Florida has original

jurisdiction over claims alleging violations of the TCPA,  Double G may properly remove this

matter pursuant to 28 U.S.C. § 1441(a).

3.  Double G has the power to remove this matter, which has been removed to the United

States District Court in the Southern District of Florida, and has timely sought removal of this

matter as the Complaint was served onto it on May 6, 2020.

4.  Double G is the only defendant in this matter.

5.   After filing this Notice of Removal Double G will promptly serve written notice of this Notice of Removal on counsel for Plaintiff and file the same with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County Florida.

6.   True and correct copies of all process, pleadings and orders served on Double G in the action pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County Florida, are attached hereto as Exhibit A.

7.   Double G Construction has otherwise met all procedural requirements for the removal of this matter.

8.   By removing this action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County Florida, Double G does not waive any defenses available to it and does not admit to any of the allegations in Plaintiff's Complaint.

WHEREFORE Double G removes the above-captioned case from the Fifteenth Judicial Circuit in and for Palm Beach County Florida to the United States District Court in and for the Southern District of Florida.

Dated: May 13, 2020              Respectfully submitted

**MILLENNIAL LAW, INC**
1401 E. Broward Blvd, Ste 300
Fort Lauderdale Fl 33301
Phone: 954-271-2719

By: /s/ Zachary P. Hyman
        Zachary P. Hyman
        Florida Bar No.  98581
        zach@millenniallaw.com
        millenniallawforms@gmail.com

# EXHIBIT A

**** CASE NUMBER: 502020CA005032XXXXMB Div: AI

Filing # 107122919 E-Filed 05/06/2020 11:53:49 AM

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

### CASE NO

**TERRI CARFAGNO,**
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

**DOUBLE G CONTRUCTION, CORP,**

      Defendant.

_____/

**CLASS REPRESENTATION**

**JURY TRIAL DEMANDED**

INITIALS _mc_    ID# _1563_
1st att DATE 05/08/2020   TIME 9:25 PM
2nd att 05/08/2020      6:05 PM

### SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant

      DOUBLE G CONSTRUCTION CORP by serving its Registered Agent,
      Gabriel Grosso, at the address of 359 NW 45th Ave, Deerfield Beach, FL 33442

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

      **EISENBAND LAW, P.A.**
      Michael Eisenband
      515 E. Las Olas Boulevard,
      Suite 120
      Ft. Lauderdale, Florida 33301
      Email: MEisenband@Eisenbandlaw.com
      Telephone: 954.533.4092

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK, 05/06/2020 11:53:49 AM

WITNESS my hand and the seal of said Court on _____ May 07 2020 _____.



SHARON R. BOCK
CLERK OF THE CIRCUIT COURT

By: *Sara Provenzano*
_____
Sara Provenzano

**IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT**, persons in need of a special accommodation to participate in this proceeding shall, within a reasonable time prior to any proceeding, contact the Administrative Office of the Court, 205 N Dixie Highway, 300, West Palm Beach, FL 33401. Telephone 561-355-2431, 1-800-955-8771 (TDD), or 1-800-955-8770 (v), via Florida Relay System.

2

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

### CASE NO

**TERRI CARFAGNO,**
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

**DOUBLE G CONTRUCTION, CORP,**

        Defendant.

_____/

**CLASS REPRESENTATION**

**JURY TRIAL DEMANDED**

### CLASS ACTION COMPLAINT

Plaintiff Terri Carfagno brings this class action against Defendant Double G Construction, Corp ("Defendant") and alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.     This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), arising from Defendant's knowing and willful violations of the TCPA.

2.     Defendant offers roofing, storm damage restoration, window services, insurance claim assistance, gutter services and commercial exterior services to the public.[1]

3.     Defendant operates in Naples, Fort Myers, Coral Gables, Delray, Bonita Springs, Boca Raton, and Port Charlotte.[2]

4.     Defendant engages in unsolicited telemarketing directed towards prospective customers

---

[1] https://www.doublegconstruction.com/
[2] https://www.doublegconstruction.com/

2

with no regard for consumers' privacy rights.

5.       Defendant's telemarketing consists of sending text messages to consumers soliciting them to purchase goods and/or services.

6.       Defendant caused thousands of unsolicited text messages to be sent to the cellular telephones of Plaintiff and Class Members, causing them injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

7.       Through this action, Plaintiff seeks injunctive relief to halt Defendants illegal conduct. Plaintiff also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## PARTIES, JURISDICTION, AND VENUE

1.       Plaintiff is a *sui juris* resident of Sarasota County, Florida.

2.       Defendant is a Florida corporation with its principal address at 925 S Congress Ave., Delray Beach, FL 33445. Defendant directs, markets, and provides business activities throughout the State of Florida.

3.       This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Section 26.012(2), Florida Statutes.  The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

4.       Venue for this action is proper in this Court because Defendant resides in Palm Beach County and has, or usually keeps, an office for transaction of its customary business in Palm Beach. *See* §§ 47.011, 47.051, Florida Statutes.

5.       All facts giving rise to this action occurred in the State of Florida.

2

## THE TCPA

13.      The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

14.      The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

15.      The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

16.      In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

17.      The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

18.      A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

19.      Further, the FCC has issued rulings and clarified that consumers are entitled to the

4

same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

### FACTS

20.     On or about April 29, 2020, Defendant caused the following automated text message to be transmitted to Plaintiff's cellular telephone number ending in 0087 ("0087 Number"):



+1 (239) 920-8737 ›

Text Message
Yesterday 3:00 PM

Hi, I'm helping homeowners in
33947  get their roof approved for
full replacement, paid  by insurance.
Your roof likely has wind damage
from Irma and time is running out to
file a claim

When is a good time to schedule
your FREE roof inspection?

Steve, Double G Construction
239-920-8737

4

21.     Defendant's text message constitutes telemarketing/advertising because they promote Defendants business, goods and services.

22.     Specifically, the text message promotes Defendant's roofing business which is one of Defendant's core businesses as shown below:





23.     Upon information and belief, Defendant obtains a financial benefit from selling its goods and services.

24.     Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

25.     At no point in time did Plaintiff provide Defendant with her express consent to be contacted by text messages using an ATDS.

26.     Plaintiff is the sole user and/or subscriber of the 0087 Number.

---

[3] https://www.doublegconstruction.com/florida-roofing-service/

13

27.     The number used by Defendant (239-920-8737) is known as a "long code," a standard 10-digit phone number that enabled Defendant to send SMS text messages *en masse*, while deceiving recipients into believing that the message was personalized and sent from a telephone number operated by an individual.

28.     Long codes work as follows:   Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic. These SMS gateway providers send and receive SMS traffic to and from the mobile phone networks' SMS centers, which are responsible for relaying those messages to the intended mobile phone. This allows for the transmission of a large number of SMS messages to and from a long code.

29.     The impersonal and generic nature of Defendant's text message, demonstrates that Defendant utilized an ATDS in transmitting the messages.

30.     To send the text messages, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of automated text messages without any human involvement.

31.     The Platform has the capacity to store telephone numbers.

32.     The Platform has the capacity to generate sequential numbers.

33.     The Platform has the capacity to dial numbers in sequential order.

34.     The Platform has the capacity to dial numbers from a list of numbers.

35.     The Platform has the capacity to dial numbers without human intervention.

36.     The Platform has the capacity to schedule the time and date for future transmission of text messages.

37.     To transmit the messages at issue, the Platform automatically executed the following steps:

13

    i.  The Platform retrieved each telephone number from a list of numbers in the sequential order the numbers were listed;

    ii.  The Platform then generated each number in the sequential order listed and combined each number with the content of Defendant's messages to create "packets" consisting of one telephone number and the message content;

    iii.  Each packet was then transmitted in the sequential order listed to an SMS aggregator, which acts an intermediary between the Platform, mobile carriers (e.g. AT&T), and consumers.

    iv.  Upon receipt of each packet, the SMS aggregator transmitted each packet – automatically and with no human intervention – to the respective mobile carrier for the telephone number, again in the sequential order listed by Defendant. Each mobile carrier then sent the message to its customer's mobile telephone.

38.    The above execution of Defendants' instructions occurred seamlessly, with no human intervention, and almost instantaneously. Indeed, the Platform is capable of transmitting thousands of text messages following the above steps in minutes, if not less.

39.    The following graphic summarizes the above steps and demonstrates that the dialing of the text messages at issue was done by the Platform automatically and without any human intervention:



40.     Defendant's unsolicited text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that she wasted at least ten seconds reviewing Defendant's unwanted message.

41.     Furthermore, Defendant's text message took up memory space on Plaintiff's cellular telephone, with each message taking up approximately 190 bytes. The cumulative effect of unsolicited text messages like Defendants' poses a real risk of ultimately rendering the phone unusable for text messaging purposes as a result of the phone's memory being taken up.

42.     Defendant's text message also caused the depletion of Plaintiff's cellular telephone battery. The battery used to power Plaintiff's cellular telephone can only be recharged a limited number of times before the battery's voltage begins to decrease, causing the cellular phone to turn off completely, without warning, if the battery drops below the minimum voltage needed to safely power Plaintiff's cellular telephone.

43.     Defendant's unsolicited calls caused Plaintiff additional harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS REPRESENTATION ALLEGATIONS

### PROPOSED CLASS

44.     Plaintiff brings this action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3) on behalf of the following "Class" (including "Class Members" and "Members")

45.     Plaintiff brings this case on behalf of the below defined Class:

**All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message which markets Defendant's goods or services using the same type of equipment used to text message Plaintiff, from Defendant or anyone on**

13

Defendant's behalf, to said person's cellular telephone number.

46.     Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

## NUMEROSITY

47.     Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

48.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

49.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

     a.  Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

     b.  Whether Defendant can meet their burden of showing that they obtained prior express written consent to make such calls;

     c.  Whether Defendant's conduct was knowing and willful;

     d.  Whether Defendant is liable for damages, and the amount of such damages; and

     e.  Whether Defendant should be enjoined from such conduct in the future.

13

50.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

51.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

52.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

53.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

54.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain

13

class members are not parties to such actions.

## COUNT I
### <u>Violations of the TCPA, 47 U.S.C. § 227(b)</u>
### (On Behalf of Plaintiff and the Class)

55.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

56.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

57.     The TCPA defines an "automatic telephone dialing system" (hereinafter "ATDS") as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* at §227(a)(1).

58.     Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

59.     These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

60.     Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

13

61.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

**WHEREFORE**, Plaintiff Terri Carfagno, on behalf of herself and the other members of the Class, prays for the following relief:

a.      A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.      A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c.      An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

d.      An award of actual, statutory damages, and/or trebled statutory damages; and

e.      Such further and other relief the Court deems reasonable and just.

<u>**JURY DEMAND**</u>

Plaintiff and Class Members hereby demand a trial by jury.

<u>**DOCUMENT PRESERVATION DEMAND**</u>

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

Date: May 6, 2020

Respectfully submitted,

**EISENBAND LAW, P.A.**

13

_/s/ Michael Eisenband_
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Michael Eisenband
Florida Bar No. 94235
Email:
MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

_Counsel for Plaintiff and the Class_

13

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

**CASE NO**

**TERRI CARFAGNO,**
individually and on behalf of all
others similarly situated,

       Plaintiff,

v.

**DOUBLE G CONTRUCTION, CORP,**

       Defendant.

_____/

**CLASS REPRESENTATION**

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff Terri Carfagno, pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests Defendant to produce the following documents and things for inspection and copying, subject to any outstanding objections, within 30 days from date of service hereof.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

A.    "You" or "Your" shall mean Double G Construction, Corp. and/or any and all other person(s) acting on its behalf or at their direction or control, including, but not limited to, present or former employees, staff personnel, agents, servants, consultants, investigators, contractors or subcontractors, advisors, counsel, accountants, representatives, or any other person compensated by you, regardless of whether such compensation is based in whole or in part on commission or some other measure of performance or otherwise and regardless of whether considered or classified as independent contractors.

B.    "Subject Text Message" shall mean the text message sent to Plaintiff as identified in Plaintiff's operative Complaint.

1

C.      "Text Message(s)" shall mean a text message sent to a mobile telephone by You or on Your behalf which is similar in wording to the Subject Text Message and that was sent using the same type of equipment used to send the Subject Text Message.

D.      "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

E.      The word "document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films.  Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

F.      "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

G.      "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and

2

address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

## TIME FRAME

Unless otherwise stated, the time period covered by these requests is four (4) years prior to the filing of the Complaint in this case.

## FIRST REQUEST FOR PRODUCTION TO DEFENDANT

1.     Every insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against you in this action or to indemnify you reimburse for payments made to satisfy the judgment irrespective of whether you have, or intend to make such a claim.

2.     Documents sufficient to identify the hardware, software, and/or methodology used to store Plaintiff's telephone number.

3.     Documents sufficient to identify the hardware, software, and/or methodology used to transmit the Subject Text Message.

4.     Documents sufficient to identify the hardware, software, and/or methodology used to transmit Text Messages.

5.     Documents sufficient to identify the content of the Subject Text Message and Text Messages.

6.     Documents sufficient to identify the following information regarding recipients of Text Messages: (1) their name, address, email, and phone numbers; and (2) the source(s) where you obtained the telephone numbers called.

7.     Documents sufficient to identify the total number of Text Messages sent.

8.     Documents sufficient to identify the method or process by which Text Messages and the Subject Text Message were sent.

9.     All documents regarding or referring to Plaintiff.

10.     All documents you reviewed and/or relied upon in formulating your responses to Plaintiff's Interrogatories.

3

11.     All communications between you and Plaintiff.

12.     All formal or informal complaints received by you regarding Text Messages.

13.     Documents sufficient to identify the target name and/or phone number for every Text Message sent.

14.     All documents supporting your contention that you obtained express written consent to send the Subject Text Message.

15.     All documents supporting your contention that you obtained express consent to send the Subject Text Message.

16.     All documents supporting your contention that you obtained express written consent to send Text Messages.

17.     All documents supporting your contention that you obtained express consent to send Text Messages.

18.     All policies and procedures pertaining in any way TCPA compliance by you and/or your employees.

19.     All communications regarding or incorporating any of the following words: "autodialer," "autodial," "Telephone Consumer Protection Act," "TCPA," "marketing text" "text message campaign," and "FCC petition."

20.     Documents sufficient to identify the creation, content and/or transmission of Text Messages.

21.     Documents sufficient to identify the creation, content and/or transmission of the Subject Text Message.

22.     All documents pertaining to transmission of the Subject Text Message to Plaintiff.

23.     All communications pertaining to transmission of the Subject Text Message to Plaintiff.

24.     All documents pertaining to the transmission of Text Messages.

25.     Documents sufficient to identify the computer and/or other device use to transmit the Subject Text Messages.

26.     Documents sufficient to identify the computer and/or other device use to transmit Text Messages.

27.     Documents sufficient to identify the telephone numbers to which Text Messages were transmitted, including, but not limited to, transmission reports or logs.

28.     Documents sufficient to identify the criteria used to select and/or obtain the list of telephone numbers to which Text Messages were sent.

29.     All documents pertaining to the type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Messages prior to sending the message.

30.     All documents pertaining to the type of consent or permission, if any, you obtained from recipients of Text Messages prior to sending the Text Messages.

31.     Documents sufficient to identify the manner in which the list(s) of telephone numbers to which Text Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

32.     Documents sufficient to identify the reason(s) why the Subject Text Message was sent to Plaintiff.

33.     Documents sufficient to identify the reason(s) why Text Messages were sent.

34.     All documents pertaining to the marketing or promotion of your business through Text Messages.

35.     All communications pertaining to the criteria used to select and/or obtain the telephone numbers to which Text Messages were transmitted.

36.     Documents sufficient to identify your policies, practices, and/or procedures for transmitting Text Messages.

37.     All documents pertaining to consent to transmit Text Messages.

38.     All contracts and documents pertaining to any agreement between you and any third party regarding the Subject Text Message.

39.     All contracts and documents pertaining to any agreement between you and any third-party regarding Text Messages.

40.     Documents sufficient to identify the number of Text Messages that you or anyone on your behalf have sent.

41.     All documents pertaining to any third-party transmitting Text Messages on your behalf.

42.     All documents referred to in, identified in, or that provide part or all of the basis for Defendant's responses to Plaintiff's Interrogatories.

43.    All documents, records, data, recordings and other materials relating to Plaintiff.

44.    All communications between You and the phone number 941-830-0087.

45.    All documents regarding the phone number 941-830-0087.

Date: May 6, 2020.

**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant with the original service of process of the Complaint.

**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

6

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

**CASE NO**

**TERRI CARFAGNO,**
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

**DOUBLE G CONTRUCTION, CORP,**

        Defendant.

_____/

**CLASS REPRESENTATION**

**JURY TRIAL DEMANDED**

## <u>PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES</u>

        Plaintiff Terri Carfagno, pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby

propounds the attached interrogatories to Defendant to be answered under oath in writing.

Date: May 6, 2020.

        **HIRALDO P.A.**
        401 E. Las Olas Boulevard, Suite 1400
        Ft. Lauderdale, Florida 33301

        _/s/ Manuel S. Hiraldo_
        Manuel S. Hiraldo
        Florida Bar No. 030380
        Email: mhiraldo@hiraldolaw.com
        Telephone: 954.400.4713
        _Counsel for Plaintiff_

1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

with the original service of process of the Complaint.

**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301


*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

2

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO

TERRI CARFAGNO,
individually and on behalf of all
others similarly situated,                                    CLASS REPRESENTATION

     Plaintiff,                                         JURY TRIAL DEMANDED

v.

DOUBLE G CONTRUCTION, CORP,

     Defendant.
_____/

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiff Terri Carfagno, pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby

propounds the following interrogatories to Defendant to be answered fully and separately in writing and

under oath by Defendant.

Date: May 6, 2020.

                                  **HIRALDO P.A.**
                                  401 E. Las Olas Boulevard, Suite 1400
                                  Ft. Lauderdale, Florida 33301

                                  */s/ Manuel S. Hiraldo*_____
                                  Manuel S. Hiraldo
                                  Florida Bar No. 030380
                                  Email: mhiraldo@hiraldolaw.com
                                  Telephone: 954.400.4713
                                  *Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

with the original service of process of the Complaint.

**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301


*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

4

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

A.      "You" or "Your" shall mean Double G Construction, Corp. and/or any and all other person(s) acting on its behalf or at their direction or control, including, but not limited to, present or former employees, staff personnel, agents, servants, consultants, investigators, contractors or subcontractors, advisors, counsel, accountants, representatives, or any other person compensated by you, regardless of whether such compensation is based in whole or in part on commission or some other measure of performance or otherwise and regardless of whether considered or classified as independent contractors.

B.      "Subject Text Message" shall mean the text message sent to Plaintiff as identified in Plaintiff's operative Complaint.

C.      "Text Message(s)" shall mean a text message sent to a mobile telephone by You or on Your behalf which is similar in wording to the Subject Text Message and that was sent using the same type of equipment used to send the Subject Text Message.

D.      "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

E.      The word "document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts,

5

transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films.  Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

F.      "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

G.      "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

## TIME FRAME

Unless otherwise stated, the time period covered by these requests is four (4) years prior to the filing of the Complaint in this case.

## FIRST SET OF INTERROGATORIES TO DEFENDANT

1.      Identify the total number of Text Messages that have been sent.  For each Text Message, please identify the date, content, and telephone number of the recipient of the Text Message, and describe how the Text Messages were sent, including a description of the equipment used to obtain, store, and send messages to each telephone number.

    **ANSWER:**

6

2.      Describe in detail the method or process by which Text Messages were sent.  Your response should include, but not be limited to, a description of each stage of the transmission process for the Text Messages.

**ANSWER:**

3.      Describe in detail the method or process by which you or anyone on your behalf collected or obtained Plaintiff's telephone number.

**ANSWER:**

4.      Describe in detail the method or process by which the Subject Text Message was sent. Your response should include, but not be limited to, a description of each stage of the transmission process for the Subject Text Message.

**ANSWER:**

5.      Identify the name(s) of the individual(s) who prepared and/or approve the content of the Subject Text Message.

**ANSWER:**

6.      Identify who sent the Subject Text Message to Plaintiff.

**ANSWER**:

7.      Describe the equipment used to send the Subject Text Message.

**ANSWER:**

8.      Describe any equipment used by you or anyone on your behalf to store Plaintiff's telephone number.  Your answer should include a description of how that equipment interacts with any equipment used to send the Subject Text Message.

**ANSWER:**

9.      Have you ever received formal or informal complaints regarding Text Messages? If so, identify the complaint, including the date and name(s) of the individual(s) making the complaint.

**ANSWER:**

10.      Describe what type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Message prior to sending the message.

**ANSWER:**

11.      Describe what type of consent or permission, if any, you obtained from recipients of the Text Messages prior to sending the Text Messages.

**ANSWER:**

12.      Describe the manner in which the list(s) of telephone numbers to which Text Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

**ANSWER:**

13.      Were you aware of the restrictions imposed by the Telephone Consumer Protection Act prior to the time the Subject Text Messages were sent?  If so, please explain your understanding and whether you believe the TCPA restricts the transmission of the Subject Text Message.

**ANSWER:**

14.      The identity of all persons or entities who participated in transmitting Text Messages.

**ANSWER:**

15.     Describe the reason(s) why the Subject Text Messages were sent to Plaintiff.

**ANSWER:**

16.     The identity of all persons or entities who participated in transmitting the Subject Text Messages.

**ANSWER:**

17.     How many full time and part time employees do You employ

**ANSWER:**

18.     List when the "Steve" identified in the Subject Text Message was hired by You, including what job positions he has held with You , the dates of those positions and what responsibilities and work requirements come with those positions.

**ANSWER:**

By:_____

Print Name:_____

**STATE OF _____ )**
                                                      **) SS:**
**COUNTY OF _____ )**

        **BEFORE ME,** the undersigned authority, duly licensed to administer oaths and take

acknowledgments, personally appeared _____, who being by me first duly sown,

deposes and says that he/she has read the foregoing answers to interrogatories, and that they are true and

correct.

        **SWORN TO AND SUBSCRIBED before** me this _____ day of _____,

2020.

_____
Notary Public, State of _____
My Commission Expires:

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

**CASE NO**

**TERRI CARFAGNO,**
individually and on behalf of all
others similarly situated,                                              **CLASS REPRESENTATION**

       Plaintiff,                                                              **JURY TRIAL DEMANDED**

v.

**DOUBLE G CONTRUCTION, CORP,**

       Defendant.
_____/

<u>**PLAINTIFF'S REQUEST FOR INSPECTION OF PROPERTY**</u>

      Plaintiff Terri Carfagno, pursuant to Rule 1.350, Florida Rules of Civil Procedure,

requests Defendant, to produce for inspection the equipment utilized by Defendant to transmit

the text messages alleged in Plaintiff's operative Complaint, at a mutually agreed-upon date,

time and location.

Date: May 6, 2020.

                              **HIRALDO P.A.**
                              401 E. Las Olas Boulevard, Suite 1400
                              Ft. Lauderdale, Florida 33301

                              */s/ Manuel S. Hiraldo*
                              Manuel S. Hiraldo
                              Florida Bar No. 030380
                              Email: mhiraldo@hiraldolaw.com
                              Telephone: 954.400.4713
                              *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

with the original service of process of the Complaint.


**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301


*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDUCIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 2020-005032-XX MB

TERRI CARFAGNO,
                    Plaintiff,

v.

DOUBLE G CONSTRUCTION CORP.,
a Florida Corporation,

          Defendant.

_____/

## NOTICE OF APPEARANCE

I hereby notify the Court and all parties of the appearance of the undersigned attorney Zachary P. Hyman of the law firm **MILLENNIAL LAW, INC.** as counsel of record for Defendant Roof Revolution, Inc.  Please direct all notices, orders pleadings and correspondence to the undersigned as indicated below.

In addition, Millennial Law, Inc., in compliance with Florida Rule of Judicial Administration 2.516(b)(1)(A), designates the following e-mail addresses for service of all pleadings and papers in this action:

     Primary:       zach@millenniallaw.com
     Secondary:     millenniallawforms@gmail.com


                    Respectfully submitted,

                    **MILLENNIAL LAW, INC.**
                    *Attorneys for Double G Construction, Corp.*
                    1401 E. Broward Boulevard, Suite 300
                    Fort Lauderdale, FL  33301
                    Telephone: (954) 271-2719
                    Primary E-mail: zach@millenniallaw.com

Secondary E-mail: millenniallawforms@gmail.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 13, 2020, a true and correct copy of the foregoing was filed with the Clerk of Court via the E-Portal, which will electronically serve a copy to all parties as set forth below.

EISENBAND LAW, P.A.
Michael Eisenband
515 E. Las Olas Blvd, Suite 120
Fort Lauderdale Fl 33301
Meisenband@eisenbandlaw.com
Telephone 954-533-4092

HIRALDO P.A.
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Blvd Suite 1400
Ft Lauderdale, Fl 33301
Email: Mhiraldo@hiraldolaw.com
Telephone: 954-400-4713.
*Counsel for Plaintiff.*

/s/ Zachary P. Hyman, Esq.
Zachary P. Hyman